# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1634-20

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

ANTQUION MILLER,
a/k/a ANTIQUION MILLER,

      Defendant-Appellant.

_____

Submitted January 31, 2022 – Decided February 11, 2022

Before Judges Sumners and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 11-10-1742.

Joseph E. Krakora, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Antquion Miller pleaded guilty to two counts of first-degree aggravated sexual assault and received an aggregate thirty-eight-year sentence subject to the requirements of the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. He appeals from an order denying his post-conviction relief (PCR) petition, arguing the court erred by rejecting his claims his counsel was ineffective by failing to investigate the defenses of diminished capacity and insanity, and by failing to argue in mitigation of sentence. Unpersuaded, we affirm.

I.

Following his indictment on nineteen charges arising out of the sexual assaults of two victims, A.G.O. and C.S., defendant pleaded guilty to two counts of first-degree aggravated sexual assault in exchange for the State's agreement to recommend: consecutive twenty-year sentences; dismissal of the remaining charges; imposition of the special sentence of parole supervision for life, N.J.S.A. 2C:43-6.4; an order directing that defendant comply with the requirements of Megan's Law, N.J.S.A. 2C:7-1 to -23; and an order restraining defendant from contact with the victims, N.J.S.A. 2C:44-8. The court informed defendant it would not impose an aggregate sentence exceeding thirty-eight years.

A-1634-20

During his plea proceeding, defendant testified that while in Jersey City on March 23, 2011, he grabbed A.G.O. around the neck in a "chokehold" and, by force against her will, put his penis in her vagina. Defendant testified he did not know A.G.O., she was a "stranger" to him, and, during the incident, he pushed her "up against [a] wall," asked her for money, and engaged in the "sex act" with her "during the commission of a robbery."

Defendant further testified what while in Jersey City on May 22, 2011, he approached C.S. from behind, "grab[bed] her around the neck," and "force[d]" her to allow his "penis to enter her vagina." Defendant also testified: he did not know C.S.; she was "a stranger" to him; she did not want "to have sex with" him; and he demanded money from her during the incident.

At his sentencing proceeding, defendant's counsel requested that the court consider defendant's substance abuse history, and his "cognitive problems, behavior problems, [and] various psychological problems since he's been very young." Counsel also explained he had raised an issue concerning defendant's competency during the pendency of the case, and experts determined defendant was competent and "was malingering with regard to the competency issue."

The State represented the case had taken a long time to resolve in part because defendant was examined by an expert at the Anne Klein Forensic Center

3

(Anne Klein), and an expert retained by the State, and they both determined defendant was competent and malingering. The State also represented defendant had retained two other experts, and defendant's counsel had provided a report from one of them. The State explained that after the various reports were obtained, defendant no longer challenged the issue of his competency.

The State also detailed the victim's versions of the aggravated sexual assaults, noting surveillance footage showed defendant jumping off a bike, approaching A.G.O., "kick[ing] open [a] gate" to get to her, and placing her in a chokehold before committing the sexual assault. The State also described surveillance footage of defendant during the incident, and asserted defendant "[a]nally, vaginally, [and] orally penetrat[ed]" C.S. in the vestibule area of her apartment building.

The court found defendant, then thirty-six years of age, was on Social Security disability when he committed the offenses, had a history of "heavy drug use," and had been a special education student. The court noted it reviewed "many doctors' reports and evaluations" concerning defendant, as well as defendant's presentence investigation report and his post-plea evaluation at the Adult Diagnostic and Treatment Center (ADTC). The ADTC evaluation found defendant's conduct was repetitive but not compulsive. The court therefore

4

concluded he did not qualify for sex offender treatment under N.J.S.A. 2C:47-3(d).

The court found defendant had twenty-four "involvements" with the juvenile justice system, and three prior criminal convictions for "most[ly] . . . violent" offenses, and had previously served prison sentences.[1] The court found aggravating factors: one, the nature and circumstances of the offenses, including whether they were committed in an especially heinous, cruel, or depraved manner, N.J.S.A. 2C:44-1(a)(1); two, the gravity and seriousness of the harm inflicted on the victims, N.J.S.A. 2C:44-1(a)(2); three, the risk defendant will commit another offense, N.J.S.A. 2C:44-1(a)(3); six, the extent and seriousness of defendant's prior record, N.J.S.A. 2C:44-1(a)(6); and nine, the need to deter defendant and others from violating the law, N.J.S.A. 2C:44-1(a)(9). The court did not find any mitigating factors and it determined the aggravating factors "substantially predominated" over the mitigating factors.

Based on its weighing of the factors, and in accordance with defendant's plea agreement, the court imposed a nineteen-year sentence on each count subject to the requirements of NERA and ordered that the sentences be served

---

[1] Defendant's record included convictions for first-degree robbery, N.J.S.A. 2C:15-1, second degree-robbery, N.J.S.A. 2C:15-1, and third-degree aggravated assault, N.J.S.A. 2C:12-3(a).

A-1634-20

consecutively. The court also directed defendant's compliance with the requirements of Megan's Law and service of the special sentence of parole supervision for life.

Defendant appealed from his sentence. We affirmed his sentence, finding it was not "manifestly excessive or unduly punitive and does not constitute an abuse of discretion." State v. Miller, No. A-3996-14 (App. Div. Jan. 12, 2016) (slip op. at 1).

Defendant subsequently filed a pro se PCR petition alleging ineffective assistance of his plea counsel. In pertinent part, defendant averred his plea counsel was ineffective by failing to investigate and assert diminished capacity defenses. Defendant also claimed his counsel failed to assert the defense of consent, claiming "[t]here was no threat to physically harm, no element of force, the women could have left at [any time] and they did not but rather partook in consensual sex claiming that it was rape after they were not paid in full."

Defendant also claimed the consecutive sentences were excessive. He further asserted counsel was ineffective at sentencing by failing to challenge the court's finding of aggravating factors and failing to argue for the court to find applicable mitigating factors.

A-1634-20

In a supplemental certification filed after the assignment of counsel for defendant, he claimed he "d[id] not believe" he committed any of the predicate acts under N.J.S.A. 2C:14-2(a)(3), including robbery, during the commission of the sexual assaults. He also asserted he "engaged in consensual sex" with the victims. He further claimed he has suffered from "mental illness" since the age of thirteen, including a diagnosis of "[s]chizophrenia."

Following argument, the court rendered an opinion from the bench denying defendant's petition without an evidentiary hearing. The court determined defendant failed to establish his counsel was ineffective by failing to assert the defense of consent because there was no factual support for the defense. The court also rejected defendant's claim his counsel was ineffective by failing to investigate or assert the defenses of insanity and diminished capacity because those defenses were in fact explored. Last, the court rejected defendant's claim his counsel was ineffective at sentencing, finding the sentencing court was fully aware of defendant's mental health history and any putative arguments counsel would have made based on that history would not have changed the result.

A-1634-20

The court entered an order denying defendant's PCR petition, and this appeal followed. Defendant offers the following arguments for our consideration:

> POINT ONE
>
> THE PCR COURT IMPROPERLY DENIED DEFENDANT'S CLAIM THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF HIS PLEA COUNSEL WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING[.]
>
> A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS FOR INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS AND PETITIONS FOR POST-CONVICTION RELIEF[.]
>
> B. DEFENDANT ESTABLISHED A PRIMA FACIE CLAIM FOR POST-CONVICTION RELIEF, ENTITLING HIM TO AN EVIDENTIARY HEARING[.]

II.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004). The de novo standard of review also applies to mixed questions of fact and law. Id. at 420. Where, as here, an evidentiary hearing has not been held, it is within our authority "to conduct a de novo review of both the factual findings and legal conclusions of the PCR court." Id. at 421. We apply these standards here.

A-1634-20

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee that a defendant in a criminal proceeding has the right to the assistance of counsel in his or her defense. The right to counsel includes "the right to the effective assistance of counsel." State v. Nash, 212 N.J. 518, 541 (2013) (quoting Strickland v. Washington, 466 U.S. 668, 686 (1984)).

In Strickland, the Court established a two-part test, later adopted by our Supreme Court in State v. Fritz as the standard under the New Jersey Constitution, to determine whether a defendant has been deprived of the effective assistance of counsel. Strickland, 466 U.S. at 687; Fritz, 105 N.J. 42, 58 (1987). Under the first prong of the standard, a petitioner must show that counsel's performance was deficient. It must be demonstrated that counsel's handling of the matter "fell below an objective standard of reasonableness" and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687-88.

Under the second prong of the Strickland standard, a defendant "must show that the deficient performance prejudiced the defense." Id. at 687. There must be a "reasonable probability that, but for counsel's unprofessional errors,

9

the result of the proceeding would have been different." Id. at 694. A petitioner must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. "The error committed must be so serious as to undermine the court's confidence in the jury's verdict or result reached." State v. Chew, 179 N.J. 186, 204 (2004) (citing Strickland, 466 U.S. at 694).

"With respect to both prongs of the Strickland test, a defendant asserting ineffective assistance of counsel on PCR bears the burden of proving his or her right to relief by a preponderance of the evidence." State v. Gaitan, 209 N.J. 339, 350 (2012) (citing State v. Echols, 199 N.J. 344, 357 (2009); State v. Goodwin, 173 N.J. 583, 593 (2002)). The factual assertions providing the "predicate for a claim of relief must be made by an affidavit or certification pursuant to Rule 1:4-4 and based upon personal knowledge of the declarant before the court may grant an evidentiary hearing." R. 3:22-10(c). "[A] petitioner must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance." State v. Cummings, 321 N.J. Super. 154, 170 (1999). A failure to satisfy either prong of the Strickland

standard requires the denial of a petition for PCR. <u>Strickland</u>, 466 U.S. at 700; <u>Nash</u>, 212 N.J. at 542; <u>Fritz</u>, 105 N.J. at 52.

Defendant contends the court erred by rejecting his claim his counsel was ineffective by failing to investigate and consider the defense of consent to the aggravated sexual assault charges. In support of his claim, he asserted in his pro se petition that the two victims were not threatened physically, there was "no element of force," and they could have left at any time. In his supplemental certification, he attempts to further support the claim, asserting he "engaged in consensual sex."

Defendant's argument is belied by his testimony at the plea proceeding. He testified both victims were strangers to him, he did not know them prior to the assaults, he used a chokehold on both, and he vaginally penetrated them against their will and without their consent while robbing them. Moreover, the evidence included video and photographic images of the attacks.

Under our Criminal Code, consent to sexual penetration "is demonstrated when the evidence, in whatever form, is sufficient to demonstrate that a reasonable person would have believed that the alleged victim had affirmatively and freely given authorization to the act." <u>State in Int. of M.T.S.</u>, 129 N.J. 422, 445 (1992). Defendant's plea colloquy does not permit a conclusion either

victim consented to defendant's sexual assaults upon them. And defendant's bald assertion in his pro se petition that the victims consented constitutes a conclusory claim untethered to any facts establishing the victims acted in such a manner that would have caused a reasonable person to believe they had affirmatively and freely authorized the forced vaginal penetration to which defendant pleaded. See ibid.

Where a defendant "claims his trial attorney inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based on personal knowledge." Cummings, 321 N.J. Super. at 170. Defendant did not sustain that burden here. He failed to offer any competent evidence establishing that an investigation by his counsel would have uncovered information supporting a plausible consent defense, and his testimony during the plea hearing established the victims did not consent. His counsel's performance was not deficient by failing to investigate a defense unsupported by any evidence and contradicted by defendant's testimony. Ibid.; see also State v. Worlock, 117 N.J. 596, 625 (1990) (stating "[t]he failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel"). Thus, defendant failed to sustain his burden under both prongs of the Strickland standard. See Strickland, 466 U.S. at 700

12

(explaining a failure to satisfy either prong of the ineffective-assistance-of-counsel standard requires denial of a PCR petition).

Defendant also claims counsel erred by failing to investigate a diminished capacity defense. In his pro se petition, defendant asserted his counsel "never brought into account" his "immature state of mind [to] offer a diminish[ed] capacity defense." In his supplemental certification, defendant asserted he had a mental health history, he had been diagnosed with schizophrenia, he had been hospitalized at mental health facilities, and he had taken "medicine to combat the psychiatric illness since 1995."

A defendant may "present evidence of a mental disease or defect to 'negate the presence of an essential mental element of the crime.'" State v. Baum, 224 N.J. 147, 160 (2016) (quoting State v. Rivera, 205 N.J. 472, 487 (2011)); see also N.J.S.A. 2C:4-2 (providing in part "[e]vidence that the defendant suffered from a mental disease or defect is admissible whenever it is relevant to prove the defendant did not have the state of mind which is an element of the offense"). A diminished capacity defense is "a factor bearing on the presence or absence of an essential element of the crime as designated by the [Criminal] Code." Ibid. (quoting State v. Breakiron, 108 N.J. 591, 608 (1987), rev'd on other grounds, State v. Delibero, 149 N.J. 90, 101 (1997)). A diminished capacity defense may

be raised if a defendant presents "evidence of a mental disease or defect that interferes with cognitive ability sufficient to prevent or interfere with the formation of the requisite intent or mens rea[,]" for the crime charged, ibid. (quoting State v. Galloway, 133 N.J. 631, 647 (1993)), and "the record contains evidence that the claimed deficiency did affect the defendant's cognitive capacity to form the mental state necessary for the commission of the crime," ibid. (quoting Galloway, 133 N.J. at 647).

Defendant's PCR petition does not provide any facts supporting a diminished capacity defense under the Baum standard. To be sure, defendant has suffered from mental health and cognitive issues, but his claim counsel's performance was deficient by failing to consider or investigate the defense is unsupported by any evidence his mental health and cognitive issues prevented or interfered with the formation of the requisite mens rea to commit the aggravated sexual assaults for which he was convicted. See ibid.

Defendant pleaded guilty to two aggravated sexual assaults under N.J.S.A. 2C:14-2(a)(3). The statute does not expressly identify the mens rea required for the commission of the offense, and, therefore, under N.J.S.A. 2C:2-2(c)(3), the State is required to prove the actor engaged in "knowing conduct." M.J.R., 415 N.J. Super. at 421. "A person acts knowingly with respect to the nature of his

14

conduct or the attendant circumstances if he is aware that his conduct is of that nature, or that such circumstances exist, or he is aware of a high probability of their existence."  N.J.S.A. 2C:2-2(b)(2).

In his brief on appeal, defendant relies on the ADTC report prepared following his plea.  The report details defendant's mental health and cognitive issues, but it does not address the Baum standard or otherwise state defendant suffered from a diminished capacity such that he could not, and did not, knowingly commit the charged aggravated sexual assaults.  In addition, defendant's testimony at the plea proceeding establishes that, as a matter of fact, he knowingly committed the sexual assaults.  He testified he forced both women to have "sex" with him, and he vaginally penetrated them.  Defendant provides no competent evidence supporting a diminished capacity defense.

Thus, even assuming his counsel erred by failing to consider the defense, defendant failed to demonstrate he was prejudiced by the alleged error.  A defendant asserting an ineffective assistance of counsel claim "must 'affirmatively prove prejudice.'"  State v. Gideon, 244 N.J. 538, 551 (2021) (quoting Strickland, 466 N.J. at 693).  Here, defendant failed to sustain that burden because he did not present any evidence establishing a diminished capacity defense under the Baum standard.  As a result, he failed to demonstrate

15

there is a reasonable probability that had the defense been considered, the result of the proceeding would have been different. See Strickland, 466 U.S. at 694. His failure to satisfy his burden under Strickland's second prong alone requires the rejection of this PCR claim.[2] See Gaitan, 209 N.J. at 350 ("Although a demonstration of prejudice constitutes the second part of the Strickland analysis, courts are permitted leeway to choose to examine first whether a defendant has

---

[2] We also observe that defendant's more general assertion his counsel did not consider a diminished capacity defense appears contradicted by the record. The State at sentencing represented that defendant had undergone psychiatric or psychological evaluations at Anne Klein, by two experts retained by defense counsel, and by the State's psychiatric expert. Additionally, the sentencing judge, who presided over the case for four years, found the case was delayed "for an extended period of time to completely explore whether there was present any potential defense on [defendant's] behalf of a diminished capacity or perhaps even a – an insanity defense." Defendant does not dispute the State's representations or the sentencing court's finding. The appellate record does not include the various experts' reports or the Anne Klein evaluation referred to at sentencing. Although we need not determine whether counsel's performance was deficient by allegedly failing to consider a diminished capacity defense— because defendant failed to demonstrate prejudice under Strickland's second prong—the sentencing record strongly suggests the putative defense was considered and explored by counsel with the full knowledge of the State and the court. In any event, counsel's performance was not deficient by failing to consider a defense for which there is otherwise no support in the evidence. See State v. O'Neal, 190 N.J. 601, 619 (2007) (holding "[i]t is not ineffective assistance of counsel for defense counsel not to file a meritless motion"); see also Worlock, 117 N.J. at 625.

16

been prejudiced, and if not, to dismiss the claim without determining whether counsel's performance was constitutionally deficient" (citation omitted)).

Defendant also contends his counsel's performance was deficient because he did not request that the sentencing court find mitigating factor four, "there were substantial grounds tending to excuse or justify . . . defendant's conduct, though failing to establish a defense," N.J.S.A. 2C:44-1(b)(4). Defendant argues his mental health and cognitive issues supported a finding of mitigating factor four, and his counsel erred by failing to argue the sentencing court should find that factor. Defendant also argues his counsel erred by failing to argue against the court's finding of aggravating factors one and two, N.J.S.A. 2C:44-1(a)(1) and (2); by failing to argue for imposition of concurrent sentences; and by failing to object to the court's imposition of consecutive sentences.

We note at the outset that we rejected defendant's challenge to his sentence on his direct appeal. Miller, No. A-3996-14, (slip op. at 1). In doing so, we rejected any claims that were made, or could have been made, that his sentence is excessive, was not based on a finding and a weighing of the aggravating and mitigating factors as required under N.J.S.A. 2C:44-1, or was imposed in violation of the principles governing the imposition of consecutive sentences

under State v. Yarbough, 100 N.J. 627 (1985).  In any event, we consider defendant's claims his counsel was ineffective at sentencing.

We are not persuaded counsel's failure to argue mitigating factor four at sentencing either fell below an objective standard of reasonableness or constituted an error such that counsel was not functioning as the counsel guaranteed by the Sixth Amendment.  See Strickland, 466 U.S. at 687-88.  In the first instance, although he did not make specific reference to mitigating factor four at sentencing, defendant's counsel urged the court to consider defendant's mental health and cognitive issues in its imposition of sentence.  And the court referred to those issues in imposing the sentence we affirmed on direct appeal.

Additionally, the record is bereft of any evidence defendant's mental health or cognitive issues played a role in his commission of the aggravated sexual assaults for which he was convicted.  In short, in support of his PCR petition, he failed to demonstrate that those issues provided "substantial grounds excus[ing] or justify[ing] his conduct" such that his counsel erred by failing to request that the court find mitigating factor four.

In State v. Briggs, we found reports from "experts who examined [the] defendant [and] found she suffered from post-traumatic distress disorder,

18

consistent with and related to 'severe and chronic' spousal abuse" supported a finding of mitigating factor four for a defendant convicted of the aggravated manslaughter of her husband. 349 N.J. Super. 496, 504 (App. Div. 2002). There is neither similar evidence nor facts extant here. Defendant's PCR petition is unsupported by an expert's report or any other evidence demonstrating his mental health and cognitive issues played a role in the charged aggravated assaults. Cf. State v. Jarbath, 114 N.J. 394, 415 (1989) (affirming a finding of mitigating factor four where the record, including information from a medical doctor, showed defendant's intellectual disability rendered her "impossible to cope emotionally, and has even [caused] breaks with reality" when "placed in inappropriate environments"); see also State v. L.V., 410 N.J. Super. 90, 111 (App. Div. 2009) (finding mitigating factor four was supported by an expert's opinion the "defendant had a viable duress defense under N.J.S.A. 2C:2-9[(]a[)]"). Defendant's counsel was not ineffective by failing to argue for the court's finding of a mitigating factor for which defendant fails to demonstrate any support in the evidence. See Worlock, 117 N.J. at 625. Defendant therefore fails to demonstrate both his counsel's performance was deficient and that there is a reasonable probability that he suffered prejudice as a result of the purported error.

19

We also reject defendant's claim his counsel was ineffective by failing to argue against the court's finding of aggravating factors one and two. Defendant cannot demonstrate he suffered any prejudice as a result of his counsel's failure to oppose the court's finding of the factors because we affirmed defendant's sentence on his direct appeal. In doing so, we affirmed the court's finding and weighing of the aggravating factors, including factors one and two, and at least implicitly determined the record supported the court's finding of those factors.

Defendant argues in conclusory fashion counsel was ineffective by failing to oppose the court's finding of those aggravating factors, but he does not offer any evidence or explanation grounded in the record identifying a meritorious argument that could have been made to convince the sentencing court the factors did not apply. In that failure, defendant did not sustain his burden of presenting evidence either that his counsel's performance was deficient, or there is a reasonable probability that but for his counsel's alleged error, the result of his sentencing proceeding would have been different.

As we have explained, counsel's performance is not deficient by failing to make a meritless argument. See O'Neal, 190 N.J. at 619. And, here, the record supported the court's finding of aggravating factor one, the nature and circumstances of the offenses, and the role of the actor, and whether the crimes

20

were committed in an especially heinous, cruel, and depraved manner, N.J.S.A. 2C:44-1(a)(1).  "Under this factor, the sentencing court reviews the severity of the defendant's crime, 'the single most important factor in the sentencing process,' assessing the degree to which defendant's conduct has threatened the safety of its direct victims and the public."  State v. Lawless, 214 N.J. 594, 609 (2013) (quoting State v. Hodge, 95 N.J. 369, 378-79 (1984)).  The record shows defendant's actions during the two incidents greatly exceeded those minimally required to satisfy the elements of the crimes for which he was convicted, and they amply support the court's finding of aggravating factor one.[3]  See State v. Mara, 253 N.J. Super. 204, 214 (App. Div. 1992).  Defendant offers no meritorious argument his counsel could have made to the contrary.

---

[3] The presentence investigation report includes A.G.O. and C.S.'s versions of the assaults.  A.G.O. reported: defendant "grabbed [her] from behind around the neck while assaulting her"; defendant "punched her about the head and body"; she was "beaten and sexually assaulted for [forty-five] minutes"; defendant told her to give him her money or he would "rape [her]"; defendant forced her to "perform oral sex" on him three times; defendant performed "oral sex" on her vaginally and anally; and defendant digitally penetrated her vaginally with his finger.  C.S. reported: defendant "grabbed her in chokehold from behind" and asked her for money; defendant pulled off her stockings and performed "oral sex" on her; defendant then took her into a building and "vaginally and anally penetrated her"; and defendant then made her "perform oral sex on him" before "vaginally and anally penetrating [her] again."

For the same reasons, we reject defendant's claim he is entitled to PCR because his counsel failed to contest the sentencing court's finding of aggravating factor two, the gravity of the harm inflicted on the victims, N.J.S.A. 2C:44-1(a)(2). The infliction of physical and emotional harm on the victim is not an element of the first-degree aggravated assault offenses for which defendant was convicted. Although the court made scant findings supporting its finding of aggravating factor two, the record supports a determination the victims, both of whom were subjected to brutal and repeated vaginal and anal penetration, suffered severe psychological harm supporting a finding of aggravating factor two. See State v. Kromphold, 162 N.J. 345, 358 (2000) (explaining when a court considers the harm caused to the victim under N.J.S.A. 2C:44-1(a)(2), "it should engage in a pragmatic assessment of the totality of the harm inflicted on the victim, to the end that defendants who . . . inflict substantial harm receive more severe sentences than other defendants"). Again, defendant offers no meritorious argument his counsel could have made to the contrary. He therefore did not sustain his burden under either prong of the Strickland standard on his claim his counsel was ineffective by failing to contest at sentencing the court's finding of aggravating factor two.

We also reject defendant's PCR claim based on his counsel's alleged error in failing to argue against the imposition of consecutive sentences. We need not consider whether counsel's performance was deficient by failing to make the argument at sentencing because defendant fails to demonstrate under Strickland's second prong that but for his counsel's error the result of the sentencing proceeding would have been different. See Gaitan, 209 N.J. at 350.

We are not persuaded counsel's decision not to argue against the imposition of the consecutive sentences resulted in prejudice to defendant under Strickland's second prong. As we implicitly determined in our affirmance of defendant's sentence on direct appeal, consecutive sentences were fully supported by the record and by the court's findings in its statement of reasons in imposing sentence. In support of his PCR claim his counsel was ineffective at sentencing, defendant offers nothing more than the bald assertion that his counsel should have argued against the imposition of consecutive sentences. As noted, defendant must affirmatively establish that he suffered prejudice under Strickland's second prong. Gideon, 244 N.J. at 551. He failed to sustain that burden because he does not offer any evidence supporting meritorious argument that his counsel could have made supporting imposition of concurrent sentences. Again, counsel is not ineffective by failing to make a meritless argument. See

23

O'Neal, 190 N.J. at 619 (holding "[i]t is not ineffective assistance of counsel for defense counsel not to file a meritless motion"); Worlock, 117 N.J. at 625.

Defendant's failure to sustain his burden of presenting a prima facie case under both prongs of the Strickland standard as to each of his claims required the denial of his PCR petition. Strickland, 466 U.S. at 700; Nash, 212 N.J. at 542. The PCR court correctly denied the petition without an evidentiary hearing because defendant did not establish a prima facie claim of ineffective assistance of counsel. State v. Preciose, 129 N.J. 451, 462 (1992); see also R. 3:22-10(b) (providing one of the requirements for a defendant's entitlement to an evidentiary hearing on a PCR petition is the "establishment of a prima facie case in support of post-conviction relief").

Any arguments asserted on defendant's behalf we have not addressed directly are without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1634-20